IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                            No. CR 10-2844 BB

MICHAEL CRAIG CELENZE,

      Defendant.

## MEMORANDUM OPINION
## DENYING ELECTION MOTION

DEFENDANT Michael Craig Celenze has moved the Court to require the Government to elect a theory of prosecution. (Doc. 69). Considering all submissions of counsel, the Court finds the matter is better addressed by a jury instruction and the Motion will be Denied.

### *Discussion*

Defendant is charged in a 13-count indictment with wire fraud, mail fraud, and aiding and abetting the filing of a false document. (Doc. 2). The charges in the indictment stem from Defendant's solicitation of investments in certain real property located in Puerto Peñasco, Mexico. The indictment charges Defendant with having "devised a scheme and artifice both to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises." Doc. 2 at ¶ 1.

A duplicitous indictment is one that charges multiple crimes within a single count. *United States v. Haber*, 251 F.3d 881, 888 (10th Cir. 2001). In this case Defendant is charged with multiple crimes, including a scheme to defraud ("fraud"), and a scheme to obtain money or property by means of false or fraudulent pretenses, representations or promises ("misrepresentation"). The indictment divides these crimes into "by mail" crimes and "by wire" crimes, but does not divide the crimes into fraud versus misrepresentation. Defendant therefore concludes that each count is duplicitous, because each count charges both fraud and misrepresentation.

Defendant moves to remedy the alleged duplicity either by forcing the prosecution to elect a single theory on which to proceed or by including a specific jury instruction on unanimity. The Tenth Circuit has acknowledged both as remedies for a duplicitous indictment. *See United States v. Gann*, 159 Fed. Appx. 57, 59 (10th Cir. 2006). "Where two or more acts could be charged as separate counts but are part of the same scheme or course of conduct, they are not necessarily duplicitous and may be charged in one count." *Gann*, 159 Fed. Appx. at 59. Indeed, the Tenth Circuit has noted that when charges of fraud and misrepresentation are "connected in the conjunctive, they are not duplicitous, and it will suffice to prove any one or more of the charges." *United States v. Lefebvre*, 189 Fed. Appx. 767, 772 (10th Cir. 2006).

Typically, the Tenth Circuit declines to hold whether charges are duplicitous, and instead holds that any alleged duplicity was cured with a specific jury instruction on unanimity. *See United States v. Swantz*, 380 Fed. Appx. 767, 769 (10th Cir. 2010)

(declining to hold whether a fraud/misrepresentation count was duplicitous, but upholding conviction due to specific jury instruction on unanimity); *United States v. Trammell*, 133 F.3d 1343, 1354 (10th Cir. 1998); *see also United States v. Blandford*, 33 F.3d 685, 699 (6th Cir. 1994) (finding the same for multiple incidents of bribery charged within a single count).  Furthermore, appellate courts in general disfavor requiring an election remedy, as no court cited has required this.  *See Swantz*, 380 Fed. Appx. at 768-69; *Haber*, 251 F.3d at 888; *Gann*, 159 Fed. Appx. at 59; *Trammell*, 133 F.3d at 1354.

The Court will therefore create a unanimity instruction following the format of Tenth Circuit Pattern Jury Instruction 1.24.

                                                                                            _____
                                                                                            **BRUCE D. BLACK**
                                                                                            **Chief Judge**